**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JORDAN RICH,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH; and THE SALVATION ARMY, a Georgia corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:26-cv-01044-TC-DBP<br><br>District Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pending before the court is Plaintiff Jordan Rich's Motion to Transfer Venue and Consolidate. (ECF No. 4.) He requests "an Order transferring this action to the United States District Court for the Central District of California, Central Division." (Id. at 1.) And that "upon transfer, this action be consolidated and tried with the pending related matter titled Jordan Rich v. Donald Trump et al., Case No. 5:26-cv-04280-SPG."[1] (Id.) The court declines to decide the transfer and consolidation requests at this time, and orders Mr. Rich to show cause as follows.

The court begins by noting that Mr. Rich's motion relies on arguments and assertions that are entirely conclusory. For example, Mr. Rich states that "[t]he claims, parties, and underlying factual allegations in both actions involve overlapping questions of law and fact, shared constitutional violations, and interconnected transactions or occurrences arising from common

[1] This case number cited by Mr. Rich appears to be assigned to Llanos v. Facility Administrator (C.D. Cal.). Meanwhile **2**:26-cv-04280-SPG-DMK is assigned to Rich v. California (C.D. Cal.). Rich v. Trump's case number is 5:26-cv-**00522**-SPG-DFM (C.D. Cal.). The court does not make findings as to what caused this error but cautions that pro se litigants are "responsible for the accuracy of their filings." Katsel v. Alibaba Grp. Holding Ltd., No. 1:25-cv-699, 2026 WL 529119, at *2 n.2 (D. Colo. Jan. 27, 2026) ("Even pro se litigants are responsible for ensuring they do not falsify citations to the court—whether misquotes or AI hallucinations.").

events." (Id.) He offers no insight as to what claims, parties, or factual allegations overlap. Section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought…." 28 U.S.C. § 1404(a). But there are no indications from the motion that a transfer would be convenient, in the interests of justice, or even permissible—although denying a transfer would resolve the consolidation issue. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991) (movant's burden to establish existing forum's inconvenience); Heatron, Inc. v. Shackelford, 898 F. Supp. 1491, 1494 (D. Kan. 1995) (movant must show convenience and justice); Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am. Inc., No. 1:14-cv-2624, 2019 WL 2106416, at *1 (D. Colo. Jan. 17, 2019) (actions pending in different federal district courts cannot be consolidated under Rule 42(a)).

That said, while endeavoring to discern why transfer to California might be appropriate, the court reviewed Mr. Rich's Complaint.[2] See 28 U.S.C. § 1915(e). Even reading Mr. Rich's papers liberally, the court is concerned that Mr. Rich's claims may be time-barred. See Joseph v. U.S. Fed. Bureau of Prisons, 232 F.3d 901, at *1 (10th Cir. 2000) (unpublished table decision) (construing pro se papers liberally); Hollers v. Baker, No. 25-2098, 2026 WL 2606935, at *3 (10th Cir. Sept. 3, 2026) (per curiam) ("[A] district court may dismiss a claim [during § 1915 screening] based on an affirmative defense if 'the claim's factual backdrop clearly beckons the

[2] This yielded no California connection. I.e., the Complaint focuses on actions that happened in Utah. (Compl. ¶¶ 7, 11, ECF No. 1 ("In connection with a drug court proceeding in the Third Judicial District Court of Salt Lake County, Plaintiff was ordered to undergo drug and alcohol rehabilitation at Defendant The Salvation Army…. Plaintiff[] …work[ed] in The Salvation Army thrift stores and driving box trucks across Davis County, Weber County, Salt Lake County, and Summit County, Utah….")). And Mr. Rich explained that "[v]enue is proper in the District of Utah … because all events or omissions giving rise to the claims occurred [here], and Defendants reside or carry out operations in this District." (Id. ¶ 3.)

defense.'" (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006))). Mr. Rich brings his federal claims[3] under § 1983, (Compl. ¶¶ 20–23, 27–29, ECF No. 1 (citing 42 U.S.C. § 1983)); the Trafficking Victims Protection Reauthorization Act (TVPRA), (id. ¶¶ 24–25 (citing 18 U.S.C. §§ 1589, 1595)); the Fair Labor Standards Act (FLSA), (id. ¶¶ 30–32 (citing 29 U.S.C. § 201 et seq.)); and several Constitutional Amendments, (id. ¶¶ 20–23, 27–29, 33–34 (Thirteenth, First, and Fourteenth Amendments)), which the court interprets as § 1983 claims, see Wisdom Ministries, Inc. v. Garrett, No. 23-5098, 2024 WL 3770934, at *2 (10th Cir. Aug. 13, 2024) ("§ 1983 provides the usual statutory vehicle for constitutional claims against state actors." (citation omitted)). Varying limitations periods apply to these claims. E.g., Sasser v. Salt Lake City Corp., No. 2:15-cv-606, 2017 WL 5991732, at *3 (D. Utah Dec. 1, 2017) (citing Utah Code Ann. § 78B–2–307) (four years for § 1983 claims in Utah); Bistline v. Parker, 918 F.3d 849, 878 (10th Cir. 2019) (citing 18 U.S.C. § 1595(c)) (ten years from cause of action or victim turning 18 for TVPRA claims); Lewis v. eAssist, Inc., No. 2:22-cv-121, 2022 WL 1224978, at *2 n.1 (D. Utah Apr. 26, 2022) (citing 29 U.S.C. § 255(a)) (three years for willful FLSA violations, otherwise two years). But the Complaint alleges no dates that allow the court to assess whether Mr. Rich's claims fall within these limitations periods, nor facts that appear to toll them or that might indicate that Mr. Rich was unaware of the facts underlying his case.

Meanwhile, a review of Mr. Rich's cases indicates that the events undergirding this action potentially occurred outside these limitations periods. (E.g., First Am. Compl. ¶¶ 63–70, ECF No. 31 in Rich v. Trump, 5:26-cv-522 (C.D. Cal. Nov. 3, 2026) (discussing "time in a drug

---

[3] Mr. Rich also brings state law claims, (Compl. ¶¶ 30–36, ECF No. 1), which, at least for now, are also before the court, see Hallco Env't Inc. v. Comanche Cnty. Bd. of Cnty. Comm'rs, 149 F.3d 1190, at *7 (10th Cir. 1998) (unpublished table decision) ("Where federal claims have dropped out of the picture, it is the seminal teaching to dismiss the state law claims without prejudice." (cleaned up)).

court program and placement at the Salvation Army in Salt Lake City" around 2006–07).) These facts about other cases are not in the Complaint. But "a federal court [may] take judicial notice of adjudicative facts at any stage of the proceedings," Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997), as well as "docket materials filed in other courts," Stan Lee Media, Inc. v. Walt Disney Co., 774 F.3d 1292, 1299 n.2 (10th Cir. 2014) (citation omitted); see Fed. R. Evid. 201(b), (d). Deepening the court's concern are Mr. Rich's recent efforts to reopen a case he filed in 2014—which alleged "various civil rights and state law violations that occurred against his person by officials of Salt Lake County Sheriff's Office"—even though that case was dismissed pursuant to the parties' stipulation in 2016. (Am. Compl. at p.1, ECF No. 27 in Rich v. Winder, 2:14-cv-469 (D. Utah, filed Sept. 11, 2015); see Compl., ECF No. 3 in id. (filed June 25, 2014); Order Dismissing Case With Prejudice, ECF No. 44 in id. (filed Aug. 17, 2016).) Ultimately, this case's factual backdrop—the Complaint's paucity of dates, the records that appear relevant to Mr. Rich's claims, and the vintage of allegations in other cases he has recently sought to reopen—clearly signals that Mr. Rich's federal claims might be time barred.

Accordingly, as further described below, the court orders Mr. Rich to show cause why this action should not be dismissed because his claims are time barred. He must respond to this order within 30 calendar days from the date of this Order or his case will likely be dismissed. The court recognizes Mr. Rich's electronic filing and notification privileges have been revoked. (ECF No. 11 in 2:26-cv-1044; see ECF No. 49 at 3 in 2:14-cv-469 (revoking email filing and electronic notification privileges after "reviewing Mr. Rich's abusive emails and 'declaration of war' filing" and finding that Mr. Rich "abused his email filings").) This means he "cannot file electronically in any case in which he is a party, and he will no longer receive email notification

of case activity in those cases." (ECF No. 11 in 2:26-cv-1044.)[4] This does not absolve Mr. Rich of the requirement that he follow all applicable rules. E.g., Baer v. Salt Lake City Corp., No. 2:13-cv-336, 2016 WL 5793656, at *1 (D. Utah Oct. 4, 2016), aff'd, 705 F. App'x 727 (10th Cir. 2017) ("Pro se parties must follow the same rules of procedure as other litigants." (citing Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007))); McKinzie v. Bank of Am., No. 25-2126, 2025 WL 4694516, at *1 (10th Cir. Nov. 5, 2025) (per curiam) ("Although [plaintiff-appellant] is proceeding pro se, []he must comply with the same procedural requirements that govern all litigants including filing deadlines." (citations omitted)).

**ORDER**

For the reasons discussed above, the court ORDERS that the Plaintiff **must show cause within 30 calendar days from the date of this Order** as to why the Complaint should not be dismissed because Mr. Rich's federal claims are time barred. The court expressly warns the Plaintiff that if he does not timely show cause his Complaint will likely **be dismissed**.

DATED this 24th day of November, 2026.

BY THE COURT:

Tena Campbell
Tena Campbell
United States District Judge

[4] As the revocation notice explains, "[u]nder DUCivR 5-1, documents must be served on Mr. Rich consistent with the Federal Rules of Civil Procedure." (ECF No. 11 in 2:26-cv-1044.) The court mailed Mr. Rich the order revoking his E-Filing and Notification, but mail sent to Mr. Rich has been "[r]eturned as [u]ndeliverable." (ECF Nos. 12, 13, and 14 in id.) Following those returns, the court noted on the docket that "[a]s Plaintiff has refused to update his contact information with the court, nothing will be resent, however, the mailing address in this case has been updated to match the address appearing in case 2:14cv00469 TS." (ECF No. 14 in id.)